On a State Farm v. Jonas Good morning, Your Honors. May it please the Court, my name is David McNamer. I represent Mr. Troy Jonas in this matter. The significant fact, Your Honor, is that Troy Jonas and Jennifer Jonas, as husband and wife, purchased reciprocal life insurance policies. Counsel, I'm about to ask you a question that you will doubtless view as unfair, because you didn't want to be in federal court. But my question is whether there is a case or controversy in this case, whether there was any business in federal court at all. Absolutely, Your Honor. State Farm brought the action. I know State Farm brought the action, but was there a case or controversy within the meaning of Article 3? Absolutely. Your whole argument is that there was never any competing claim. Correct. And that, of course, leads to my question, whether there was a case or controversy. A case or controversy arises, Your Honor, on failure to comply with Texas law. That's not what justified the bringing of this lawsuit. Failure to pay interest after the interpleader action is brought does not create a case or controversy, which must exist at a minimum when the lawsuit begins. I would agree, Your Honor. However, we didn't bring the lawsuit. Pardon? We didn't bring the lawsuit. State Farm did. I understand that, but all lawyers have to consider Article 3 problems at every time in the case. That's why I began by saying you might view this as unfair, because you didn't want to be here at all. But we have to make sure that there is or was a case or controversy. Interpleader is supposed to be used to deal with competing claims to assets, and there were no competing claims to assets. Correct. That's absolutely correct, Your Honor. Well, that's what leads to my question, whether this suit didn't have to be dismissed for lack of jurisdiction. We raised that with the district court, and it was denied, Your Honor. Well, you're also supposed to cover this in your appellate briefs. Jurisdiction is an issue at every stage of every case. If it's jurisdiction, Your Honor, then it could be even raised today. The couple, as I said, purchased these reciprocal insurance policies in 2007. Troy was the main beneficiary on her estate. She was on his. The couple was divorced in August of 2011. The divorce decree itself provided 100% of the benefits of this insurance policy were to go to Troy. It also awarded ownership of Jennifer's policy of insurance to Troy. Jennifer died in August 30th of 2012. My client filed claim for insurance proceeds with State Farm September 4th. State Farm did not pay him, however, filed the interpleader action October 16th of 2012, and at that point attached a copy of the divorce decree as an exhibit to the complaint. It did not tender funds into the court as an interpleader action requires. That's actually a separate jurisdictional issue, and I will be taking that up with Mr. Cantrell. 1335A says that jurisdiction exists if, and then there are two things, adverse claims, and B, and 2, the plaintiff has deposited such money. Correct. They didn't do it. So the condition of jurisdiction in 2 was plainly not met in this case. That's correct. As I said, State Farm filed the action in October of 2012. However, they did not tender the funds into the court's registry until June 17th, 2013. Judge Easterbrook is correct. No other claims were ever filed in this case, either with State Farm or with the district court. The Texas Supreme Court in the Martinez case says specifically interpleader is improper if no rival claims are filed. That has nothing to do with the interpretation of 1335. That's correct, but 1335, as you pointed out, also states that. The delay in payments is the keystone for triggering of the statutory 18% interest penalty and the attorney fee provisions. In Martinez, again, states that. State Farm waited from August 30th, 2012 until June 17th to tender the funds. As we noted, State Farm had the use of that money for the entire period of time when it should have been paid when they filed the action. The policy itself says that it will pay 2% or the statutory interest rate the state requires, whichever is greater. Texas requires 18% when an insurance company delays. The cases cited by State Farm, Server, and Mallory all involve contested claims, and the decedent still owned the respective policies. That isn't the case here. Villa Contractors, which they cited in their attempt at a SOAR reply brief, condemns State Farm enjoying the free use of that money from Jennifer's date of death in 2012 until it paid June 17th, 2013. The Hagee case, which they cite, requires an unconditional offer and ready to pay as a substitute. However, we submit that that is no longer good law because Martinez specifically states, thus an insurer that tenders part of the policy proceeds must pay penalties only on the remainder that is not tendered. This, of course, trumps Hagee. For the reasons we submitted to the district court erred in denying Mr. Jonas' request for the 18% interest penalty and attorney's fees. The district court allowed 2%. Yet State Farm had free use of that money, and as we noted, the Dow Industrial Average gained 22% during the same period of time. Thus, we ask this court to reverse the decision of the district court on that issue, remand it for calculations of interest, attorney's fees, and all other proper relief. If the court has no further questions, I will reserve a few minutes for rebuttal. Thank you, Your Honors. Mr. Cantrell? Good morning. May it please the court. Was there a case for controversy? Yes, there was. Mr. Jonas made a claim to State Farm claiming that he was the beneficiary of this life insurance policy. Under Texas law, Mr. Jonas was not the beneficiary under this policy because the divorce decree did not specifically expressly say he was to be the beneficiary after the divorce. What was the competing claim? 1335 talks about competing claims. I believe, though, Your Honor, 1335 also mentions, and I'm sorry I don't have Could you address my question? Then, later, you can say that I should have asked it differently. I'm sorry, Your Honor. Question again? The question is, what was the competing claim? The competing claim was the potential for the true beneficiary under the policy to make a claim to State Farm for the benefit. And how would that claim be tenable under Texas Insurance Code 1103.103? 1103.103? That's the one that says that if a claim is made on a policy and the insurer pays out, it has protected against any competing claims. Yes, Your Honor. How is it tenable? The function of the interpleader statute is to protect insurers against competing claims. Correct. But Texas Insurance Code 1103.103 gives that to the insurer without the need for interpleader. And, of course, there never was any competing claim. So there not only never was a competing claim, the insurer would have been 100% protected even if there had been one. So what's the point of interpleader? The point of interpleader is that under Texas law also, Texas common law provided the ability for insurance companies when there was a potential for claim, if there was a reasonable basis for believing a potential for a claim, had a right to file an interpleader action. I don't care about Texas common law. It does not affect 1335 or Article III of the U.S. Constitution. Texas can entertain any kind of claims it wants, but we can't. I think the statutory code you're referring to, Your Honor, if I read it correctly, would have protected the insurance company had it paid the claim. Yes. But I don't think the statute required State Farm to pay the claim. 1335 is designed for insurers and other holders who fear duplicate liability. As a matter of Texas law, State Farm had no risk of duplicate liability. None. I understand your point, Your Honor. State Farm also, though, filed its lawsuit under diversity jurisdiction, not simply under Section 1335. We still have to know whether there was a case for controversy. And I believe that there was. Even though there was no, not only no competing claim, but no risk of any competing claim. I believe there was. The true beneficiary under the policy. How was there a risk in light of 1103.103? State Farm ran the risk that had it paid the money to Mr. Jonas, that then it's going to be subject to a claim by. That's why I asked about the statute, which seems to give the insurer a complete defense in that circumstance. I don't think State Farm was comfortable with that statute. It would have provided them a complete defense. I don't know that federal jurisdiction exists for insurers who are not comfortable about their rights under state law. Let me come back to the other problem that I had about federal jurisdiction under 1335. 1335 says that jurisdiction, 1335A says that district courts have original jurisdiction if, and then there are two sub clauses. One is two or more adverse claimants. And sub clause two says the plaintiff has deposited such money or property. Correct. Well, it's undisputed that sub clause two was not satisfied. And it therefore follows that the court did not have jurisdiction under 1335. Isn't that perfectly straightforward? State Farm also sued on the basis of diversity jurisdiction. Look, I'm trying to pin this down. Your opponent's brief says that jurisdiction existed under 1335. Correct. Your brief says that that assertion is complete and correct. It is not correct. It is transparently false. And you now concede that, having conceded the opposite in your brief. We try to get jurisdiction straight here and are not helped. By statements that, on inspection, turn out to be false. I believe that once State Farm received the order from the district court to actually deposit the funds. That is not the way 1335 works. Its language says jurisdiction exists if two things, competing claimants and tender of the money. There is no jurisdiction under 1335 without tender. You do not wait for district courts to order you to tender. There is no jurisdiction without tender. That's just what the statute says. Yes, Your Honor, that is what the statute says. Well, jurisdiction was a litigated matter in district court? No, it was not. So it wasn't raised by anyone? It wasn't raised by Mr. Jonas or the district court? The district court in this case correctly ruled that under the Texas prompt payment statute. State Farm did not owe penalties under the prompt payment statute. Because the district court correctly ruled that the tender of the funds into the court registry was completed. Because State Farm made an unconditional offer to pay in the complaint. Look, 1335 doesn't say the plaintiff has made an offer. 1335 says the plaintiff has deposited. Correct, Your Honor. So what's the basis of the district court's treating deposit and an offer as the same thing? The basis is the district court's interpretation of the prompt payment statute. Under the prompt payment statute. The prompt payment statute calls for payment. It doesn't call for an offer of payment. Justice 1335A2 calls for tender, not an offer of tender. The prompt payment statute has two subdivisions. The first subdivision calls for claim payment. The second subdivision deals with tender of the funds into the court registry. Into the court registry, which didn't happen. Under Texas law, the district court correctly ruled it did happen. This was not filed under Texas law. What tender means in a federal interpleader action is a matter of federal law. Except that in this case, whether the penalties were awardable are completely dependent on the Texas statute. And therefore, Texas law interpreting the statute is what guides the district court on the penalties. Texas law interpreting 1335A2? No, Your Honor. You're right about that. It may well be that had this interpleader action been filed in Texas court, as a matter of Texas procedural law, certain things might have happened. But federal procedural law determines federal procedure. Your client seems to have thought it could follow Texas law in federal court. Only Texas substantive law applies in federal court. It was Mr. Jonas's argument that the penalties are awardable under the Texas statute. Under the insurance policy, interpreting the insurance policy, the substantive law of Texas applies to interpreting the insurance policy. So, with respect to whether penalties are awardable to Mr. Jonas, under the Texas payment statute, Texas law does apply to that. Mr. Jonas did not dispute that. The district court did not raise that issue. Unless Your Honors have any other questions, I would ask that the court affirm the ruling by the district court. Thank you, Mr. Cantrell. Thank you. Mr. McNamara? Just a couple of points. Going back to Judge Easterbrook's position or arguments on this, I think he's fully correct on that. We're in federal court. Jurisdiction for the federal interpleader action requires opposing claims and it also requires a tender of proceeds, neither of which attached. Or were complied with. As to Mr. Jonas being the beneficiary of the policy, as we noted in the briefs, Your Honors, the divorce decree provides for 100% of the benefits of a list of properties to go to Mr. Jonas. One of those properties was his policy of insurance. He became not only the owner, but why change the name beneficiary? He was already the name beneficiary. And I don't think the law should require someone to go in and merely change the name from my name to my name, especially when at the point in time he did not have a lawyer and didn't have any legal advice. If the court has no further questions, I thank you for considering this case. Thank you. Thanks to both counsels. Case is taken under advisement. Court will proceed to the fifth case, the United States v. Sanford.